UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 DUWANE HAYES,

        Defendant.
_____/

Case No. 16-20491
Hon. Mark A. Goldsmith

## ORDER & OPINION
## DENYING DEFENDANT DUWANE HAYES'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 34)

This matter is before the Court on Defendant Duwane Hayes's motion for compassionate release (Dkt. 34). Hayes pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Judgment (Dkt. 33). On October 3, 2019, the Court sentenced Hayes to a 63 months custodial sentence. Hayes has a projected release date of January 7, 2023. Hayes seeks compassionate release, because of the dangers posed by COVID-19. The Government filed a response brief opposing such relief (Dkt. 37). Hayes has not filed a reply brief in support of his motion, and the time for doing so has expired. For the reasons that follow, Hayes's motion is denied.

### I.    BACKGROUND

Hayes is currently serving his sentence at Butner Medium II FCI in North Carolina. The Bureau of Prisons' ("BOP") website reports that at Butner Medium II FCI there is one inmate and no staff members with active cases of COVID-19.[1] Butner Medium II FCI has been one of the

---

[1] BOP website: https://perma.cc/VK2F-3JSA (last visited on December 29, 2020).

BOP facilities with the lowest number of COVID-19 cases throughout the pandemic. The BOP has implemented a COVID-19 action plan to minimize the risk of COVID-19 transmission into and within its facilities, which includes quarantining inmates, taking social distancing measures, and providing personal protective equipment to staff and inmates. Resp. at 4-9.

Hayes is thirty-eight years old and has a body mass index ("BMI") over 40 and he has been diagnosed with Type II diabetes. See Hayes Medical R., Ex. C to Gov't Resp., at PageID.137 (Dkt. 36-3). The Centers for Disease Control ("CDC") has identified Type II diabetes and severe obesity (defined as having a BMI over 40) as conditions that increase an individual's risk to the more severe symptoms of COVID-19.[2]

Hayes now seeks a reduction in sentence from this Court under the First Step Act.

## II.  LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Jones, 980 F.3d 1098, 1100 (6th Cir. 2020). A sentence modification decision under 18 U.S.C. § 3582(c)(1)(A) is a three-step inquiry. Id. A district court must first find that both "extraordinary and compelling reasons" warrant a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (quoting 18 U.S.C. § 3582(a)). If those two steps are satisfied, a district court must then consider all relevant factors under 18 U.S.C. § 3553(a).

With respect to the second step, in the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction

---

[2] CDC Website: https://perma.cc/JNE9-JHBM (last visited on December 29, 2020).

of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

Recently, in Jones, the Sixth Circuit held that U.S.S.G 1B1.13 does not apply to imprisoned person filed motions for compassionate release, because the section is directed to the BOP. 980 F.3d at 1109. It said that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.; accord United States v. Ruffin, 978 F.3d 1000, 1007 (6th Cir. 2020). Therefore, Hayes's motion requires a two-step inquiry asking whether extraordinary and compelling reasons warrant a sentence reduction, and whether a sentence reduction is appropriate after considering the relevant § 3553(a) factors.

### III. ANALYSIS

Because the Government concedes that, in light of the COVID-19 pandemic, Hayes's BMI and Type II diabetes are extraordinary and compelling reason warranting a sentence reduction, Resp. at 13, Hayes's motion turns on consideration of the § 3553(a) factors. The § 3553(a) factors do not favor a sentence reduction.

The § 3553(a) factors include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to

protect the public from further crimes by the defendant. Hayes has a significant criminal history. He has eighteen criminal convictions, including convictions for armed robbery, possession and distribution of controlled substances, fleeing from law enforcement, and assault of law enforcement officers. Hayes came before this Court because he attempted to cross the border from Canada with a loaded firearm tucked in his boot. While released on bond in this matter, he distributed controlled substances, which led to his arrest in Pennsylvania. After he was charged in Pennsylvania, Hayes absconded and became a fugitive in both this case and the Pennsylvania case. Given the seriousness of Hayes's offense, his criminal history, his inability to abide by rules, and the time remaining on his sentence, the § 3553(a) factors do not favor his release.

### IV. CONCLUSION

For the reasons stated above, Hayes's motion for compassionate release (Dkt. 34) is denied.

SO ORDERED.

Dated: December 30, 2020　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager